UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LESLIE MCGINNIS,

    Petitioner,                                           Civil Action No. 09-CV-11292

v.                                                HON. BERNARD A. FRIEDMAN

MICHAEL CURLEY,

    Respondent.

_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Leslie McGinnis has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is currently released on parole. At the time he filed his petition, he was incarcerated at the Ojibway Correctional Facility in Marenisco, Michigan. Petitioner challenges his plea-based conviction for unarmed robbery for which he was sentenced to two to 15 years in prison. He presents 15 claims for relief. For the reasons stated below, the court concludes that the petition contains unexhausted claims and that it must therefore be dismissed without prejudice. The court also declines to issue a certificate of appealability.

Following petitioner's conviction and sentencing in Wayne County Circuit Court, he filed a delayed application for leave to appeal in the Michigan Court of Appeals, raining the following claims:

        I.      The trial court abused its discretion in failing to grant defendant's motion to quash when there was a missing

>   element as to the robbery charge.
>
> II. Defendant was denied the protection of the Fourth Amendment when the police officer, acting on a hunch that the defendant was involved in a crime, pursued his vehicle without probable cause or reasonable suspicion and initiated a stop without defendant having committed any traffic violation.
>
> III. Defendant's plea should be withdrawn as the factual basis for the guilty plea was lacking for unarmed robbery when defendant did not assault the victim.

The Michigan Court of Appeals denied leave to appeal. *See People v. McGinnis*, No. 289018 (Mich. Ct. App. Aug. 8, 2007).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court. He raised the same claims as were raised in the Michigan Court of Appeals and also six additional claims. The Michigan Supreme Court denied leave to appeal. *See People v. McGinnis*, 480 Mich. 1009 (2008).

Petitioner then filed the pending petition for a writ of habeas corpus. He raises the following 15 claims:[1]

> I. Was Petitioner, contrary to, or as an unreasonable application of U.S. Supreme Court precedent denied his constitutional right to counsel at critical stages of the proceedings?
>
> II. Was Petitioner's plea contrary to, or an unreasonable application of Supreme Court precedent and therefore, "illusory and invalid"? Further, did Judge Thomas act contrary to, or unreasonably apply Supreme Court

---

[1] Petitioner's claims are lengthy. As necessary, they are shortened here for clarity.

       precedent by accepting Petitioner's "illusory" plea?

III.    Did attorney Harris deny Petitioner effective assistance by advising him to accept such an "illusory" plea because he did not have a firm command of the law governing the plea?

IV.    Did Judge Thomas, due to her arbitrary insistence for expeditiousness even in the face of Petitioner's repeated and justifiable requests for a delay for the appointment of new counsel act contrary to, or unreasonably apply U.S. Supreme Court precedent by bartering Petitioner's right to a speedy trial against his right to counsel, thereby denying him counsel and making his waiver of counsel and his associated trial rights involuntary?  Further, was attorney Harris also ineffective as he failed to object to and litigate such a claim . . . ?

V.    Did attorney Harris fail to investigate and deny Petitioner effective assistance of counsel and "coerce" his plea by advising Petitioner that invoking his constitutional right to a jury trial would result in a harsher sentence?

VI.    Was there insufficient evidence for probable cause to believe (1) Petitioner committed the charged robbery; (2) he assaulted complainant; and (3) that he was armed at the time of the robbery; because the state/police. . . failed to honor their legal/constitutional duty to present all the material evidence, or the whole of the *res gestae* to the court (& defense)?  And, did the state also present the false/perjured testimony. . .? . . . And did judges Gerou, McDonald and Deborah Thomas also act contrary to, or unreasonably apply Supreme Court precedent by charging, issuing a warrant, binding over and trying Petitioner respectively, based on such insufficient evidence? . . .  And, did attorney Harris deny Petitioner effective assistance due to his failure to investigate, his inadequate knowledge and research of the law, making his trial strategies and advice to Petitioner unsound?

VII.    Did the prosecutor, Judges Gerou, McDonald and

>  Deborah Thomas act contrary to, or unreasonably apply Supreme Court precedent by charging, issuing a warrant, binding over and trying Petitioner for armed robbery when Officer Traylor's own testimony was the uncontroverted physical evidence that not only proved that he lacked probable cause to search and seize Petitioner, but also established an irrefutable alibi for Petitioner for the time of the robbery? Further, did attorney Harris deny Petitioner effective assistance of counsel?

VIII. Did the trial court fail to fulfill the mandatory provisions of MCR 6.302(X)(3), requiring explanation for the condition on which a plea may be withdrawn, and result in a decision contrary to, or as an unreasonable application of clearly established federal law as determined by the U.S. Supreme Court? Further, was Petitioner denied the effective assistance of appellate counsel by attorney Ambrose who failed to raise such a claim on appeal?

IX. Did the trial court (Judge Thomas) violate MCR 6.302(A) & (E) depriving Petitioner's plea of the voluntary and knowing elements and the requisite affirmative record thereof required by *Boykin* and *Brady* by failing to ask the prosecutor and Petitioner's own attorney whether either was aware of any promises, threats or inducements other than those already disclosed on the record, before accepting Petitioner's plea (or any time after the plea as well)?

X. Was Petitioner denied the effective assistance of trial counsel(s), due process of law and other substantial constitutional rights as listed herein, and did the state appellate courts act contrary to, or unreasonably apply Supreme Court precedent when they denied Petitioner's state court appeals.

XI. Was Petitioner subjected to ineffective assistance of counsel by his trial and appellate attorneys as they failed to properly/adequately cross examine key state witnesses

4

      at trial in regards to the fact that Petitioner was never identified by the complainant as the robber, or in regards to an alibi defense that was established by the arresting officer's own testimony, and therefore there was no probable cause to initially arrest Petitioner, and Petitioner was therefore prejudiced by his attorney's failures to cross-examine key state witnesses on such issues? Further, was Petitioner also therefore denied his right to effective representation . . . and his right to confront his accusers . . .? Were Petitioner's 6th Amendment confrontation clause rights also violated when the police officers Traylor and Torolski testified as to the identity of the Petitioner while the complainant has never identified Petitioner as the robber, and his attorneys never challenged such statements by key state witnesses? Further does such evidence also conclusively prove Petitioner's actual innocence?

XII. Did the state . . . deprive Petitioner of his constitutional right to the benefit of the presumption of innocence by failing to present all the material evidence, or the whole of the *res gestae*, and therefore did the state throw upon Petitioner the burden of proving his innocence in violation of his right to be presumed innocent until proven guilty by the state/prosecution, and which also denied him his rights to due process, a fair trial, and was Petitioner also therefore denied effective assistance of counsel by attorney Harris who failed . . . to present and litigate such a claim, making his trial strategies and his advice to Petitioner to accept a plea also unsound?

XIII. Was Petitioner constructively denied representation of counsel . . . when counsel was assigned 8 days before Petitioner attended a hearing at which he was forced to be arraigned on the information while he had not had any previous opportunity to meet with counsel at all or to have his case investigated by counsel or her substitute/associate, and counsel did not meet with Petitioner until day of hearing, when they conversed for only about 5-10 minutes in the bull-pen and counsel was forced to review options in crowded and noisy room with

        no privacy.?

XIV.  Was Attorney Harris ineffective due to his failure to question officer Traylor about Petitioner's potential alibi defense; . . . and because he did not make any attempt to investigate officer Traylor's testimony and a potential alibi defense, even after being made aware of the same by Petitioner, and did also not make a reasoned professional judgment that . . . investigation was not necessary, violated the USCA Const. Amend. 6?

XV.  Was it gross error for trial and appellate counsel to fail to assert an obvious prosecutorial *Brady* violation claim? And, did counsel's failure to legitimately meet with, listen to, consult with and investigate Petitioner's case cause trial and appellate counsel to be unaware of such a violation? And, were the resulting prejudicial repercussions to Petitioner objectively unreasonable, and therefore did they (Attorneys Harris & Ambrose) render ineffective assistance constituting cause to excuse any procedural error/default by Petitioner?

Respondent argues that the petition should be dismissed because it contains unexhausted claims. A federal court may not grant habeas corpus relief to a state prisoner unless the prisoner first exhausts his remedies in state court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations." *Prather v. Rees*, 822 F.2d 1418 (6th Cir. 1987). "This rule of comity reduces friction between the state and federal court systems by avoiding the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *O'Sullivan,* 526 U.S. at 845 (internal quotation omitted). Each issue must

be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990)*, Welch v. Burke*, 49 F. Supp.2d 992, 998 (E.D. Mich. 1999). The petitioner bears the burden of establishing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

In the present case, petitioner has exhausted only the three claims he presented to the Michigan Court of Appeals and the Michigan Supreme Court. His remaining claims were either presented for the first time in his application for leave to appeal to the Michigan Supreme Court or were not presented to any state court. A defendant has failed to "fairly present" an issue when it is raised for the first time when review is discretionary. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). An issue is not fairly presented when it is raised for the first time to the Michigan Supreme Court, and that court declines to exercise its right to discretionary review. *See Farley v. Lafler*, 193 F.App'x 543, 549 (6th Cir. 2006).

Generally, a federal district court should dismiss a "mixed" petition for a writ of habeas corpus, that is, one containing both exhausted and unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rust,* 17 F.3d at 160. However, a federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on his perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the

7

2:09-cv-11292-BAF-RSW Doc # 7 Filed 04/11/11 Pg 8 of 9 Pg ID 586

unexhausted claims are not "plainly meritless." *Id.* at 277.

Petitioner has available remedies in the Michigan courts which must be exhausted before proceeding in federal court. He may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 with the state trial court and pursue his unexhausted issues in the state appellate courts as necessary. While the time a habeas case is pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), such time is equitably tolled by the Court so long as petitioner diligently pursues his rights in state court. *See Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). Additionally, the one-year period will be tolled during the time in which any properly filed state post-conviction or collateral actions are pending. See 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). Therefore, dismissal of this petition will not jeopardize the timeliness of a future petition.

Further, petitioner has not shown good cause for failing to exhaust his claims in the state courts before proceeding in federal court on habeas review. At least one of his unexhausted claims appears to concern matters of federal law which may warrant further review. His unexhausted claims should therefore be addressed to, and considered by, the state courts in the first instance.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings requires that the court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A

8

COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). In the present case, reasonable jurists would not debate the court's conclusion that the petition should be dismissed without prejudice for the reasons indicated above. Therefore, the court declines to issue a certificate of appealability.

For the reasons indicated above,

IT IS ORDERED that the petition in this matter is dismissed without prejudice.

IT IS FURTHER ORDERED that no certificate of appealability shall issue.

|  |  |
|---|---|
|  | S/Bernard A. Friedman |
| Dated: April 11, 2011 | BERNARD A. FRIEDMAN |
| Detroit, Michigan | SENIOR UNITED STATES DISTRICT JUDGE |